UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS SANTELL LONGMIRE,

    Petitioner,

v.                                         Case No. 2:17-CV-10148
                                          HONORABLE MARK A. GOLDSMITH

MARK MCCULLICK,

    Respondent.

_____/

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) TRANSFERRING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT (Dkt. 31) AND THE RELATED MOTION TO AMEND THE MOTION FOR RELIEF FROM JUDGMENT (Dkt. 33) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This matter is before the Court on Petitioner Travis Santell Longmire's Rule 60(b) motion for relief from judgment and his related motion to amend the motion for relief from judgment to seek relief under Rule 60(d). For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court transfers the Rule 60(b) motion for relief from judgment and the motion to amend the motion for relief from judgment to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

I. BACKGROUND

Petitioner filed a petition for a writ of habeas corpus, challenging his convictions for armed robbery, MCL § 750.529, felon in possession of a firearm, MCL § 750.224f, and possession of a firearm during the commission of a felony, MCL § 750.227b. This Court denied with prejudice the petition for a writ of habeas corpus, declined to issue a certificate of appealability, but granted Petitioner leave to appeal in forma pauperis. Longmire v. McCullick, No. 2:17-CV-10148, 2019 WL 7282475 (E.D. Mich. Dec. 27, 2019). The United States Court of Appeals for the Sixth Circuit

1

denied Petitioner a certificate of appealability. Longmire v. Bauman, No. 20-1092, 2020 WL 4346666 (6th Cir. June 11, 2020); rehearing den. No. 20-1092 (6th Cir. Sep. 15, 2020).

Petitioner filed a Rule 60(b) motion for relief from judgment and a related motion to amend the motion for relief from judgment to seek relief under Rule 60(d). Petitioner alleges that the police and/or the Wayne County Prosecutor committed a fraud upon the court by introducing into evidence a fabricated police investigator's report or using it as the basis for bringing criminal charges against Petitioner. Petitioner also alleges that that his Thirteenth Amendment rights were violated because he was "unduly" convicted based on the fabricated investigator's report. Petitioner also alleges that there was insufficient evidence to support his conviction.

## II. DISCUSSION

Petitioner seeks to reopen his case and vacate the original judgment. The Clerk of the Court must reopen the case to the Court's active docket for the purpose of facilitating the adjudication of Petitioner's Rule 60(b) motion. See Heximer v. Woods, No. 2:08-CV-14170, 2016 WL 183629, at *1 (E.D. Mich. Jan. 15, 2016).

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, must be classified as a second or successive habeas petition. Motions seeking leave to present: (1) a claim that was omitted from the habeas petition due to mistake or excusable neglect; or (2) newly discovered evidence not presented in the petition; or (3) seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, are considered "second or successive habeas petition[s]" and require authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).

However, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," such as fraud on the federal habeas court, the motion should

not be transferred to the circuit court for consideration as a second or successive habeas petition. Gonzalez, 545 U.S. at 532, 532 n.5. Petitioner attempts to invoke the fraud on the court exception to avoid his motion being construed as a second or successive habeas petition and transferred to the court of appeals accordingly.

Fraud on the court consists of conduct: (i) on the part of an officer of the court; (ii) that is directed to the "judicial machinery" itself, (iii) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (iv) that is a positive averment or is concealment when one is under a duty to disclose; and, (v) that deceives the court. Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).

Petitioner's fraud on the court claim is without merit. He fails to show that any alleged fraud was committed by an officer of this Court. In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed. R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." Buell v. Anderson, 48 F. App'x 491, 499 (6th Cir. 2002) (citing Workman v. Bell, 227 F.3d 331, 336, 341 (6th Cir. 2000) (en banc)). The Detroit Police and the Wayne County Prosecutor were not acting as officers of the federal habeas court when they allegedly used the allegedly fabricated police investigator's report to bring charges or as substantive evidence against Petitioner. The fraud on the court exception, therefore, does not apply to permit Petitioner to obtain relief from judgment. Id. Petitioner's claims of "fraud" are actually challenges to the constitutionality of his state court conviction. Accordingly, Petitioner is required to seek authorization from the Sixth Circuit before he can seek habeas relief on this claim. See Alley v. Bell, 392 F.3d 822, 831 (6th Cir. 2004).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). A federal

district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  See Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals.  See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); In re Sims, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner's Rule 60(b) motion and his related motion to amend the motion for relief from judgment amounts to a successive habeas petition.  Accordingly, the Court orders the Clerk of the Court to reopen the case to the Court's active docket and transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631.  See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

SO ORDERED.

Dated:  November 9, 2020                             s/Mark A. Goldsmith
       Detroit, Michigan                             MARK A. GOLDSMITH
                                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2020.

s/Karri Sandusky
Case Manager
