UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS SANTELL LONGMIRE,

    Petitioner,

v.                                            Case No. 2:17-CV-10148
                                              HONORABLE MARK A. GOLDSMITH

MARK MCCULLICK,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING THE MOTION SEEKING RELIEF FROM JUDGMENT AND THE MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT (Dkt. 36) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This matter is before the Court on Petitioner Travis Santell Longmire's Rule 60(b) motion for relief from judgment and his motion for summary judgment or partial summary judgment (Dkt. 36). The Court transfers the Rule 60(b) motion for relief from judgment and the motion for summary judgment or partial summary judgment to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

Petitioner filed a petition for a writ of habeas corpus, challenging his convictions for armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. This Court denied with prejudice the petition for a writ of habeas corpus, declined to issue a certificate of appealability, and granted Petitioner leave to appeal in forma pauperis. Longmire v. McCullick, No. 2:17-CV-10148, 2019 WL 7282475 (E.D. Mich. Dec. 27, 2019). The Sixth Circuit denied Petitioner a certificate of appealability. Longmire v. Bauman, No. 20-1092, 2020 WL 4346666 (6th Cir. June 11, 2020); rehearing den. No. 20-1092 (6th Cir. Sep. 15, 2020).

1

Petitioner filed a Rule 60(b) motion for relief from judgment, which was essentially a successive habeas petition (Dkt. 31). This Court reopened the case to the Court's active docket and transferred the Rule 60(b) motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b) (Dkt. 34). The Sixth Circuit denied petitioner permission to file a successive habeas petition. In re Longmire, No. 20-2107 (6th Cir. June 14, 2021).

In his current Rule 60(b) motion, Petitioner again argues that the police and/or the Wayne County Prosecutor committed a fraud upon the court by introducing into evidence a fabricated police investigator's report or using it as the basis for bringing criminal charges against petitioner. Petitioner alleges that his Fourteenth Amendment rights were violated because he was "unduly" convicted based on the fabricated investigator's report. And Petitioner contends that there was insufficient evidence to support his conviction. Petitioner, however, also argues that the Sixth Circuit erred in denying him permission to file a successive habeas petition by ignoring the fraud committed on the court. He essentially seeks permission to file a successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. See Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

To the extent that Petitioner seeks authorization from this Court to file a successive habeas petition, any motion to authorize a second habeas petition is not properly before this Court. This Court lacks jurisdiction to entertain a § 2244 motion. See Riggleman v. W. Va. Dep't of Corr., 174 F. App'x 168, 169, n.1 (4th Cir. 2006). This Court should instead forward any such motion and any supporting documents to the Sixth Circuit for their determination of whether Petitioner should be permitted to file a second habeas petition. Id.

To the extent that Petitioner challenges the Sixth Circuit's prior decision to deny him permission to file a successive habeas petition, this Court lacks the power to alter the Sixth Circuit's decision. A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for a writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. See White v. Carter, 27 F. App'x 312, 313–14 (6th Cir. 2001). This determination is consistent with 28 U.S.C. § 2244(b)(3)(E), which states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be

appealable." Further, the grant or denial "shall not be subject for a petition for a rehearing or for a petition for a writ of certiorari." § 2244(b)(3)(E).

Petitioner's Rule 60(b) motion is a successive habeas petition. It is ordered that the Clerk of Court shall transfer the motion to the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631. See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

Because there are no other claims to be adjudicated in this action, the Court directs the Clerk of Court to administratively close the case for statistical purposes only. Any party may move to have the case re-opened at an appropriate time, and nothing contained herein shall be construed as an adjudication on the merits regarding the claims asserted against Defendant.

SO ORDERED.

Dated: October 7, 2021           s/Mark A. Goldsmith
Detroit, Michigan          MARK A. GOLDSMITH
         United States District Judge