UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS LONGMIRE,

      Petitioner,                        Case No. 2:17-CV-10148

v.                                   HON. MARK A. GOLDSMITH

MARK MCCULLICK,

      Respondent.

_____/

## OPINION & ORDER
## TRANSFERRING THE RULE 60(D) MOTION SEEKING RELIEF FROM JUDGMENT AND THE MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT (Dkt. 39) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

      This matter is before the Court on Petitioner Travis Longmire's Rule 60(d) motion for relief from judgment and his motion for summary judgment or partial summary judgment (Dkt. 39). For the reasons that follow, the Court transfers the Rule 60(d) motion for relief from judgment and the motion for summary judgment and partial summary judgment to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I. BACKGROUND

      Petitioner filed a petition for a writ of habeas corpus, challenging his convictions for armed robbery, Mich. Comp. L. § 750.529; felon in possession of a firearm, Mich. Comp. L. § 750.224f; and possession of a firearm during the commission of a felony, Mich. Comp. L. § 750.227b. This Court denied with prejudice the petition for a writ of habeas corpus and declined to issue a certificate of appealability but granted Petitioner leave to appeal in forma pauperis. Longmire v. McCullick, No. 2:17-CV-10148, 2019 WL 7282475 (E.D. Mich. Dec. 27, 2019). The United

1

States Court of Appeals for the Sixth Circuit denied Petitioner a certificate of appealability. Longmire v. Bauman, No. 20-1092, 2020 WL 4346666 (6th Cir. June 11, 2020); rehearing den. No. 20-1092 (6th Cir. Sep. 15, 2020).

Petitioner filed a Rule 60(b) motion for relief from judgment, which was essentially a successive habeas petition (Dkt. 33).  This Court reopened the case to the Court's active docket and transferred the Rule 60(b) motion for relief from judgment to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b) (Dkt. 34).  On June 14, 2021, the Sixth Circuit denied Petitioner permission to file a successive habeas petition.  In Re Longmire, No. 20-2107 (6th Cir. June 14, 2021).

Petitioner filed a second Rule 60(b) motion, in which he again alleged that the police and/or the Wayne County Prosecutor committed a fraud upon the court by introducing into evidence a fabricated police investigator's report or using it as the basis for bringing criminal charges against him (Dkt. 36).  Petitioner also alleged that his Thirteenth Amendment rights were violated because he was "unduly" convicted based on the fabricated investigator's report.  Id.  He alleged that there was insufficient evidence to support his conviction.  Id.  Petitioner further argued that the Sixth Circuit erred in denying him permission to file a successive habeas petition by ignoring the fraud committed on the court.  Id.

This Court transferred the Rule 60(b) motion for relief from judgment to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b) (Dkt. 37).  On March 29, 2022, the Sixth Circuit denied Petitioner permission to file a successive habeas petition.  In Re Longmire, No. 21-1603 (6th Cir. Mar. 29, 2022).

## II. DISCUSSION

Petitioner has filed a Rule 60(d) motion for relief from judgment and a motion for summary judgment or partial summary judgment.  Petitioner seeks to add additional claims for habeas relief

2

to his original petition.  He also seems to desire to relitigate some of the old claims from the original petition.

A Rule 60(b) motion for relief from judgment that seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which, pursuant to § 2244(b), requires authorization from the Court of Appeals before filing.  See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  Id. at 532.  A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)."  Id. at 532 n.4.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition.  Id. at 532.  A Rule 60(b) motion is not considered to raise a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."  Id. at 532 n.4.

Petitioner's motion for relief from judgment amounts to a second or successive habeas petition because the motion seeks to advance claims that this Court previously considered and

dismissed on substantive, constitutional grounds.  See Post v. Bradshaw, 422 F.3d 419, 424–425 (6th Cir. 2005).  A motion for relief from judgment that seeks to introduce new evidence in support of habeas claims that had previously been denied qualifies as a second or successive habeas petition.  See In Re Bowling, 422 F.3d 434, 439–440 (6th Cir. 2005) (finding that the district court properly construed a habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition).

Petitioner also seeks to raise new claims in his current motion.  When a motion for relief from judgment in a habeas proceeding seeks to add a new ground for relief, whether similar to or different from the claims raised in the first petition, the motion should generally be treated as a second or successive petition.  See Brooks v. Bobby, 660 F.3d 959, 962 (6th Cir. 2011).

Petitioner is essentially seeking to amend his habeas petition to add new claims.  When a habeas petitioner files what purports to be a motion to amend a habeas petition, a federal court "must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." Moreland v. Robinson, 813 F.3d 315, 322 (6th Cir. 2016).  Petitioner is seeking in his motion to amend the habeas petition to supplement already-litigated claims with new arguments or evidence and to raise new claims.  All of these claims are second or successive claims for habeas relief that this Court lacks jurisdiction to review in the absence of authorization from the Sixth Circuit.  Id. at 323.  "A post-judgment motion to amend or Rule 60(b) motion that raises habeas claims is a second or successive petition when that motion is filed after the 'petitioner has lost on the merits and exhausted her appellate remedies.'" Id. (quoting Clark v. United States, 764 F.3d 653, 658 (6th Cir. 2014)).  Petitioner already was denied relief on his claims and has exhausted his appellate remedies with respect to this petition.  Petitioner's motion is a successive

petition for a writ of habeas corpus, and, therefore, he is required to obtain a certificate of authorization.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  See Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner argues that his current attempt to raise additional claims in his original habeas petition should not be considered a successive petition within the meaning of § 2244(b)(3) because this Court denied the first petition on procedural grounds.  Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had

been dismissed without prejudice on exhaustion grounds, see Harris v. Stovall, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), this Court denied the petition with prejudice on the merits.  Therefore, the current motion is a successive habeas petition.

To the extent that Petitioner challenges the Sixth Circuit's prior decisions to deny him permission to file a successive habeas petition, this Court lacks the power to alter the Sixth Circuit's decision.  A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for a writ of habeas corpus after the court of appeals declines to grant the petitioner leave to file such a petition.  See White v. Carter, 27 F. App'x 312, 313–314 (6th Cir. 2001).  This is consistent with 28 U.S.C. § 2244(b)(3)(E), which states that the grant or denial of an authorization to file a second or successive habeas corpus petition "shall not be appealable."  Further, the grant or denial shall not be subject for a petition for a rehearing or for a petition for a writ of certiorari.  In Re King, 190 F.3d 479, 480–481 (6th Cir. 1999).

### III. CONCLUSION

Petitioner's Rule 60(d) motion seeking relief from judgment amounts to a successive habeas petition.  Accordingly, the Court orders the Clerk of the Court to transfer the Rule 60(d) motion seeking relief from judgment and the motion for summary judgment or partial summary judgment (Dkt. 39) to the United States Court of Appeals for the Sixth Circuit pursuant to Sims and 28 U.S.C. § 1631.  See Galka v. Caruso, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).


SO ORDERED.


Dated: October 20, 2022                                  s/Mark A. Goldsmith
          Detroit, Michigan                              MARK A. GOLDSMITH
                                                         United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2022.

<u>s/Karri Sandusky                        </u>
KARRI SANDUSKY
Case Manager

7