UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS SANTELL LONGMIRE,

    Petitioner,                                         Civil Action No. 2:17-cv-10148

v.                                                     HON. MARK A. GOLDSMITH

MARK MCCULLICK,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE RULE 60(D)**
**MOTION SEEKING RELIEF FROM JUDGMENT (Dkt. 55)**

This matter is before the Court on Petitioner Travis Santell Longmire's Rule 60(d) motion for relief from judgment. Mot. at PageID.2357 (Dkt. 55). For the reasons set forth below, the the Court denies Petitioner's motion.

**I. BACKGROUND**

On January 13, 2017, Petitioner filed a petition for a writ of habeas corpus challenging his convictions for armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Pet. (Dkt. 1). The Court denied with prejudice the petition for a writ of habeas corpus, declined to issue a certificate of appealability, but granted Petitioner leave to appeal in forma pauperis. Longmire v. McCullick, No. 2:17-cv-10148, 2019 WL 7282475 (E.D. Mich. Dec. 27, 2019). The United States Court of Appeals for the Sixth Circuit denied Petitioner a certificate of appealability. Longmire v. Bauman, No. 20-1092, 2020 WL 4346666 (6th Cir. June 11, 2020); rehearing den. No. 20-1092 (6th Cir. Sep. 15, 2020).

1

On September 10, 2020, Petitioner filed a Rule 60(b) motion for relief from judgment, which was essentially a successive habeas petition. 9/10/20 Mot. (Dkt. 31). The Court reopened the case to the Court's active docket and transferred the Rule 60(b) motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b). 11/9/20 Op. and Ord. (Dkt. 34). The Sixth Circuit denied Petitioner permission to file a successive habeas petition. In Re Longmire, No. 20-2107 (6th Cir. June 14, 2021).

On August 6, 2021, Petitioner filed a second Rule 60(b) motion, in which he again alleged that the police and/or the Wayne County Prosecutor committed a fraud upon the court by introducing into evidence a fabricated police investigator's report or using it as the basis for bringing criminal charges against him. 8/6/21 Mot. (Dkt. 36). Petitioner also alleged that his Thirteenth Amendment rights were violated because he was "unduly" convicted based on the fabricated investigator's report. Id. He also argued that there was insufficient evidence to support his conviction. Id. Further, he argued that the Sixth Circuit erred in denying him permission to file a successive habeas petition by ignoring the fraud committed on the court. Id.

The Court transferred the Rule 60(b) motion for relief from judgment to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b). 10/7/21 Op. and Ord. (Dkt. 37). The Sixth Circuit denied Petitioner permission to file a successive habeas petition. In Re Longmire, No. 21-1603 (6th Cir. Mar. 29, 2022).

On June 3, 2022, Petitioner filed a third Rule 60(b) motion in which he again alleged that the police and/or the Wayne County Prosecutor committed a fraud upon the court by introducing into evidence a fabricated police investigator's report or using it as the basis for bringing criminal charges against him. 6/3/22 Mot. (Dkt. 39). Petitioner also alleged that his Thirteenth Amendment rights were violated because he was "unduly" convicted based on the fabricated investigator's

2

report. Id. The Court again transferred the Rule 60(b) motion for relief from judgment to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b). 10/20/22 Op. and Ord. (Dkt. 44). The United States Court of Appeals for the Sixth Circuit denied Petitioner permission to file a successive habeas petition. In Re Longmire, No. 22-1949 (6th Cir. Feb. 13, 2023).

On March 22, 2023, Petitioner filed another Rule 60(d) motion for relief from judgment and a motion for summary judgment or partial summary judgment. 3/22/23 Mot. (Dkt. 47). Petitioner sought to add additional claims for habeas relief to his original petition. He also sought to relitigate some of the old claims from the original petition. On January 30, 2024, this Court transferred the Rule 60(d) motion for relief from judgment and the motion for summary or partial summary judgment to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b). 1/30/24 Op. and Ord. (Dkt. 52). The Sixth Circuit directed Petitioner to file a motion for leave to file a second or successive habeas petition on the appropriate form. On that form, Petitioner opposed this Court's decision to construe his motion as a successive petition, arguing that his motion was a true Rule 60 motion because it challenged this Court's denial of his summary judgment motions as moot when the Court denied the habeas petition. The Sixth Circuit concluded, however, that this Court correctly construed Petitioner's motion as a successive habeas petition because the grounds that Petitioner raised were not raised in his habeas petition, which he never moved to amend. Instead, Petitioner raised those claims for the first time in his replies and were not properly before the district court. In Re Longmire, No. 24-1074, *3 (6th Cir. Sept. 18, 2024). The Sixth Circuit concluded that Petitioner's Rule 60 motion was properly treated as a second or successive habeas petition because it sought "to present a claim of constitutional error omitted from the movant's initial habeas petition." Id., at *3-4 (internal quotation and citation omitted). The Sixth Circuit denied Petitioner permission to file a successive petition. Id. at *4.

## II. ANALYSIS

Petitioner has now filed this Rule 60(d) motion, in which he challenges this Court's December 27, 2019 decision where it found Petitioner's two motions for summary judgment (Dkts. 21, 22) moot. Mot. (Dkt. 55) (citing 12/27/19 Op. and Ord. (Dkt. 25)). He argues that the motions should have been construed as motions to amend the habeas petition. Id. Petitioner further asserts that his current Rule 60(d) motion should not be construed as a second or successive petition because he challenges a defect in the proceedings, namely, this Court's decision to moot his motions for summary judgment and to allow him to amend his petition before denying him habeas relief. Id.

A Rule 60(b) motion for relief from judgment, which seeks to advance one or more substantive claims following the denial of a habeas petition (such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied) should be classified as a "second or successive habeas petition." See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). Under the provisions of § 2244(b), these motions require the movant to obtain authorization from the Court of Appeals before filing. Id.

On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Id. at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id., at 532, n. 4. A Rule

4

60(b) motion alleging that a district court failed to adjudicate a petitioner's claim does not constitute a second or successive petition because it challenges a defect in the proceedings. See Tyler v. Anderson, 749 F.3d 499, 508 (6th Cir. 2014).

Petitioner does not bring this motion under Rule 60(b); rather, he brings it under Rule 60(d). Mot. at PageID.2357. Nonetheless, a court can construe a Rule 60(d) motion as a second or successive habeas petition if it advances a new claim for relief. See Christian v. Thomas, 982 F.3d 1215, 1221 (9th Cir. 2020). Petitioner's current 60(d) motion arguably challenges a defect in the proceedings and, accordingly, is subject to § 2244(b)(1)'s requirement that it be dismissed outright. The Sixth Circuit explains:

> The "indisputable elements" of an independent action for relief from judgment brought under Fed. R. Civ. P. 60(d) are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law.

Mitchell v. Rees, 651 F.3d 593, 595 (6th Cir. 2011). More importantly, an independent action pursuant to Rule 60 is "available only to prevent a grave miscarriage of justice." Id. (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). In the context of a habeas or habeas-type case, a habeas petitioner must make a strong showing of his actual innocence in order to establish that relief is required to prevent a grave miscarriage of justice, so as to maintain an independent action pursuant to Rule 60. Id, at pp. 595–96 (citing Calderon v. Thompson, 523 U.S. 538, 557–58 (1998); Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).

The Court concludes that Petitioner is not entitled to maintain an independent action for relief from judgment pursuant to Rule 60(d) for several reasons. First, Petitioner is not entitled to bring an independent action under Rule 60(d) because he had many opportunities to bring his claim alleging that this Court erred in denying his motions for summary judgment as moot to the attention

5

of this Court and the Sixth Circuit. See Mitchell, 651 F.3d at 598-99. Petitioner, in fact, challenged this Court's decision to deny his motions for summary judgment in the motion for authorization to file a successive habeas petition that he recently filed with the Sixth Circuit. See 9/18/24 Order (Dkt. 53). Significantly, the Sixth Circuit, in denying the motion for authorization, found that Petitioner had never moved to amend his habeas petition to add the substantive claims that he raised in his prior 60(d) motion. Id. at PageID.2352. Petitioner also could have challenged this Court's decision to moot his motions for summary judgment in his initial appeal to the Sixth Circuit following the denial of his habeas petition, but he did not do so.

Additionally, Petitioner is not entitled to relief pursuant to Rule 60(d) because he failed to show fraud, accident, or mistake. A district court may dismiss an independent action for relief from judgment because it fails to establish a recognized ground – such as fraud, accident, or mistake – for the equitable relief sought. See Marco Destin, Inc. v. Levy, 111 F.4th 214, 220, n. 4 (2d Cir. 2024). As the Sixth Circuit correctly indicated, Petitioner first raised these claims in his replies. He did not move to amend his petition to add additional claims in either of his motions for summary judgment. See 9/18/24 Order at PageID.2352. Petitioner's motions sought an order granting summary judgment in his favor; but since his claims were dismissed outright for lacking merit, his summary judgment motions were moot. Id.

Petitioner is also not entitled to maintain an independent action for relief from judgment to challenge his state criminal court conviction because he failed to show that there has been a grave miscarriage of justice in his case, in that he failed to establish his actual innocence to the crimes of which he was convicted. Mitchell, 651 F.3d at 599. The Court denies the motion.

### III.  CONCLUSION

Petitioner's Rule 60(d) motion seeking to maintain an independent action for relief from judgment (Dkt. 55) is denied.

**SO ORDERED.**

Dated: July 15, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2025.

  s/Joseph Heacox
  JOSEPH HEACOX
  Case Manager