UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS SANTELL LONGMIRE,

    Petitioner,                                     Civil Action No. 2:17-CV-10148

v.                                                HONONABLE MARK A. GOLDSMITH

MARK MCCULLICK,

    Respondent.

_____/

**OPINION & ORDER DENYING A CERTIFICATE OF APPEALABILITY REGARDING THE DENIAL OF THE RULE 60(D) MOTION SEEKING RELIEF FROM JUDGMENT**

Petitioner Travis Santell Longmire filed a Rule 60(d) motion for relief from judgment regarding his prior habeas petition, which this Court denied on July 15, 2025. Longmire v. McCullick, No. 2:17-CV-10148, 2025 WL 1938362 (E.D. Mich. July 15, 2025). On August 4, 2025, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. (Dkt. 59). The Sixth Circuit has now sent a letter to this Court requesting a ruling on a certificate of appealability. For the reasons that follow, the Court denies Petitioner a certificate of appealability.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional

1

right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not find either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. Id. A certificate of appealability is required for a habeas petitioner to appeal the denial of a Rule 60(d) motion for an independent action. See Mitchell v. Rees, 651 F.3d 593, 594 (6th Cir. 2011).

Petitioner is not entitled to a certificate of appealability from the denial of his Rule 60(d) motion, because he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court finds that Petitioner is not entitled to bring an independent action under Rule 60(d) because he previously had several opportunities to bring his claim alleging that this Court erred in denying his motions for summary judgment as moot to the attention of this Court and the Sixth Circuit. See Mitchell, 651 F.3d at 598–99.

Petitioner is also not entitled to relief pursuant to Rule 60(d) because he failed to show fraud, accident, or mistake.  Finally, this Court finds that Petitioner is also not entitled to maintain an independent action for relief from judgment to challenge his state criminal court conviction because he failed to show that there has been a grave miscarriage of justice in his case, in that he failed to establish his actual innocence to the crimes that he was convicted of. Mitchell, 651 F.3d at 599.

Accordingly, the Court denies the Petitioner a Certificate of Appealability.

SO ORDERED.

Dated: November 21, 2025                       s/Mark A. Goldsmith  
   Detroit, Michigan                           MARK A. GOLDSMITH  
                                                            United States District Judge